Martin, J.
delivered the opinion of the court This court is of opinion that the parish judge erred in the conclusion drawn from the testimony. The weight of evidence being in favor of the position taken by the defendant's counsel, that the defendant was in the state of bodily and mental imbecility, which properly caused her to be interdicted : but the law has provided that “ no act, anterior to the petition for interdiction. shall be annulled, except where it shall be proved that the cause of such interdiction notoriously existed at the time, when the deed, the validity of which being contested, was made, and that the party who contracted with the insane person or lunatic could not have been deceived as to the state of his mind,” Civ. Code, 80, art. 45.
Here the existence of the cause of the interdiction at the time the mortgage was executed, appears to us to be proven; but the code requires also that we should have proof of the impossibility of the plaintiffs, who contracted with the defendant, being deceived as to the state of her mind.
Giving credit to all that is sworn by the witnesses on the side of the defendant, we may well yield it also to the testimony of the notary, which is not at war with that of the other wit *426 nesses-and, if his testimony is credited, he was deceived as to the state of her mind-if we believe that he was deceived, we cannot conclude that the plaintiffs could not be; and if the plaintiffs could be deceived, one of the circumstances required by the code, to authorize us to annul the act, is wanting. We cannot believe that the notary was not deceived, unless we believe that he colluded with some of the parties, and absolutely prejured himself-and all that the witnesses for the defendant depose may be believed, without the perjury of the notary being necessarily a fair consequence of it. We therefore, conclude, that we cannot declare the mortgage null.
The petition states the sum due by Pacaud, when the defendant mortgaged her property, to be 2680 dollars, which was the sum due at the time of the petition : but the mortgage is annexed to the petition, and a reference is made thereto in the oath of the plaintiffs, at the foot of the petition-so that it is impossible, at the foot of the contract, which is the ground of the suit. The variance between the sum of 2680 dollars, which was due at the time of the petition being file, and that of 3350 dollars, at the time the plaintiff bound herself, is not fatal.
The money due to the plaintiffs on certain *427 notes, at the date of the mortgage, was as appears by the instrument, to be paid at such a rate of interest and such periods as bank would require-in bank language, to be reduced as stated periods of renewal by partial payments : in order to effect this, the original notes must have been intended by the parties to be replaced by others, representing the balance of the debt at each renewal.
Chew and Relf, the indorsers of Pacaud's note when the defendant mortgaged her property, could not be made liable to the bank, unless Pacaud's note were protested-they could not be protested without a demand of the whole, On the maturity of the notes. This demand was incompatible with the engagement Which the plaintiffs had taken, to designate the rates and periods, at which the amount of the notes was to be paid. How could the notes be paid with interest, if no delay was to be granted? The consideration which induced Pacaud to give the security, and the defendant to bind herself and mortgage her property, was the indulgence which they expected from the plaintiffs-which they have extended to the debtor, in retraining from an immediate an : absolute demand, of absolute payment at the maturity of the notes. A. consequence of this indulgence, *428 is the discharge of the indorsers, which all the parties must have. contemplated, as the irresistible result of an act, in which they were all concerned.
It is therefore ordered adjudged and decreed, that the judgment of the parish court be affirmed with costs.